UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN M. PORTER<br><br>Plaintiff,<br><br>v.<br><br>VIETNAM VETERANS OF SAN DIEGO<br><br>Defendant. | Case No.: 20cv399-LAB (AHG)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER DISMISSING COMPLAINT** |

Plaintiff Brian Porter, *pro se*, filed his complaint along with a motion for leave to proceed *in forma pauperis*, that is, without paying the filing fee.

The IFP motion is in the form of a standard questionnaire, but not all questions are completely answered. There are also some discrepancies between the IFP motion and the complaint. According to the motion, Porter has no assets and no income from any source, and he has not been employed for at least the past two years. His complaint, however, mentions belongings that a person with no income or assets would not normally have. It also mentions his employer forwarding him mail regarding child support, apparently in mid to late 2019.

/ / /

/ / /

1

Nevertheless, it is fairly clear that Porter has only modest assets and no disposable income that he could use to pay the filing fee. He is not employed now. The Court concludes he is unable to pay the filing fee, and **GRANTS** the motion.

The Court is required to screen the complaint of any plaintiff proceeding IFP, and to dismiss it to the extent it fails to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). This standard requires a plaintiff to allege facts sufficient to raise her "right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is also required bound to raise jurisdictional issues *sua sponte*, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).

The complaint is required to include a "short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8. Porter's complaint does not include that statement, and the Court is unable to identify any basis for its jurisdiction.

The complaint says Porter is suing "Vietnam Veterans of San Diego," an organization he never identifies. Most likely he means Veterans Village of San Diego, which until 2005 was known as Vietnam Veterans of San Diego. According to its website, Veterans Village of San Diego ("Veterans Village") is a local private organization offering housing and other services to veterans who are homeless or at risk of becoming homeless. One of its programs is the Bridge Housing program, a short-term transitional housing program. The complaint mentions programs that sound similar to some that Veterans Village offers or participates in, such as the

Bridge Housing program, a short-term transitional housing program; and the Homeless Court Program, a program that assists veterans with legal problems.

The complaint requests an order dismissing case 37-2019-00060183-CL-UD-CTL[1] dismissed with prejudice. (Compl. at 5.) Elsewhere, the complaint mentions a state unlawful detainer action, which may be the same case. He says that because of mis-delivery of his mail he missed his court date in that case on January 20, 2020, and a default judgment was entered. (Compl. at 3.) He also says he was denied relief at an "ex parte meeting" on or around February 11. (*Id.*) Porter also asks that he be allowed to continue staying temporarily at his apartment. Apparently, this means he wants relief from the default judgment in the state unlawful detainer action. The complaint *may* also be asking the Court to order that Porter be given a grant of $80,000, though it isn't clear if he wants the state court or this Court to order it. The request for a grant may be conditioned on whether he receives assistance from the state government.

The thrust of Porter's claim appears to be that he was unjustly removed from Veterans Village's housing program in connection with some kind of dispute over an assault, and Veterans Village prevailed in an unlawful detainer action against him in state court. He alleges this was accomplished unfairly, through trickery, and mentions some possible federal defenses to his unlawful detainer. He says he is required to vacate by March 5, and apparently is asking the Court to prevent that by vacating the state court's judgment.

The facts are too sketchy to determine whether the state court's order became final before he filed this action. Assuming that it was final, this Court lacks

---

[1] The format of this case number shows it is a state court case, but the Court is unable to locate it in the public dockets. The Court also cannot locate any civil cases in San Diego county to which anyone named Brian Porter is a party and which align with the dates alleged in the complaint.

3

20cv339

jurisdiction. *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) (federal courts lack jurisdiction over de facto appeals from state court judgments). But even if the judgment is not final, the Court would likely abstain, under the doctrine announced in *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 815 (1976), until the state court action is final. Once it is final, his claim in this Court would probably be at end, either because the matter was resolved in his favor (which would make this action moot) or because it was resolved against him, in which case he would be bound by it. *See AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1152 (9th Cir. 2007).

Even assuming the state court were made a party to this action, the Court could not order it to dismiss a pending case. With exceptions that do not apply here, the Anti-Injunction Act, 28 U.S.C. § 2283, forbids this Court from enjoining proceedings in state court. Even if Porter is raising federal defenses to the unlawful detainer claim, they would not give this Court jurisdiction over his claims. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003). Porter must raise in state court any federal defenses he thinks he has.

The alleged facts also do not show that the Court has authority to order anyone to give Porter a grant, and none of the other claims or relief the complaint mentions appear to be within the Court's jurisdiction. If Porter is attempting to sue Veterans Village for some other reason, he has not shown what those claims are, or why the Court would have jurisdiction over them.

The complaint is **DISMISSED WITHOUT PREJUDICE** for failure to show that this Court has jurisdiction over Porter's claims, and for failure to state a claim. If Porter believes he can successfully amend to correct the defects this order has identified, he may file an amended complaint by **April 8, 2020**. The amended complaint must comply with Fed. R. Civ. P. 8(a). **If Porter does not file an amended complaint within the time permitted, this action will be dismissed for lack of jurisdiction and for failure to prosecute.**

If Porter's address changes, he is reminded to comply with Civil Local Rule 83.11(b), which requires him to keep the Court and opposing parties informed as to his current address.

**IT IS SO ORDERED**.

Dated: March 3, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge